UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

INCREDIBLE INVESTMENTS LIMITED,

                      Plaintiff,

v.

FRANK PARLATO, JR.,
WHITESTAR DEVELOPMENT CORP.,
ONE NIAGARA, INC., ONE NIAGARA PLAZA,
INC., TOURIST SERVICES, LLC,
GORDON REGER, LARRY REGER,
REMAN LLC, RH NIAGARA BUILDING, LLC
and JOHN DOES 1 through 10,

                      Defendants.
_____

**REPORT AND RECOMMENDATION**

09-CV-00576(S)(M)

       This case has been referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [6].[1] Before me is the motion of plaintiff Incredible Investments Limited ("IIL") for an order of contempt pursuant to Fed. R. Civ. P. ("Rule") 45(e) and for sanctions pursuant to Rule 37 [43].[2] For the following reasons, I recommend that the motion be denied, without prejudice.[3]

---

    [1]    Bracketed references are to CM-ECF docket entries.

    [2]    Resolution of this motion had been delayed pending resolution of defendants' motion to dismiss for lack of subject matter jurisdiction.

    [3]    In Kiobel v. Millson, 592 F.3d 78 (2d Cir. 2010), the Second Circuit has expressed uncertainty as to whether a magistrate judge is authorized to impose Rule 11 sanctions. Whether that uncertainty also applies to Rule 37 sanctions is unclear. Therefore, I have addressed IIL's motion for sanctions as a recommendation to Judge Skretny. With respect to IIL's motion for contempt pursuant to Rule 45(e), I have also treated IIL's motion for contempt as a recommendation to Judge Skretny. See Bruno v. State University of New York at Stony Brook, 2006 WL 3335053 (E.D.N.Y. 2006) (treating motion for contempt under Rule 45(e) as a recommendation).

## BACKGROUND

The facts underlying this dispute are set forth in my July 15, 2010 Report and Recommendation [70].

## ANALYSIS

IIL's motion arises from the failure of Agnieska Pankiewicz, Mr. Parlato's personal assistant, and Chitra Selvaraj, Mr. Parlato's "'manager' of the subject property", to comply with November 2009 subpoenae *duces tecum,* and Mr. Parlato's failure to comply with a November 2009 deposition notice. Bloom Declaration [43-2], ¶¶3, 8-11 and 30-1, Exs. A, B and J. As a result, IIL seeks an order of contempt against Ms. Pankiewicz, Ms. Selvaraj and Mr. Parlato pursuant to Rule 45(e). Id., ¶38. IIL also argues that these unexcused failures are part of defendants' repeated efforts to thwart discovery, including production of their electronically stored information ("ESI") in native format, and seeks sanctions pursuant to Rule 37 against defendants Parlato, One Niagara, LLC, Whitestar Development Corporation ("Whitestar"), Tourist Services, LLC, and their counsel "for their continued willful and contumacious conduct in this litigation". Id., ¶¶14-31 37-8.[4]

---

[4] A similar motion [143] was filed in the related case of Altissima Limited v. One Niagara, LLC, et al. (8-cv-756(S)(M)). Because that case was dismissed for lack of subject matter jurisdiction, Judge Skretny adopted my recommendation that the court lacked the power to determine Altissima's motion for contempt for disobedience of a subpoena and its motion pursuant to Rule 37 for a default judgment or to strike defendants' answer. Altissima Limited v. One Niagara LLC, 2010 WL 502834, *8 (W.D.N.Y. 2010), adopted in relevant part by, 2010 WL 3504798.

### A. Motion for Contempt pursuant to Rule 45(e)

Rule 45(e) permits a district court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.". "Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." Beruashvili v. Hobart Corp., 2006 WL 2289199, *1 (E.D.N.Y. 2006). "Under 28 U.S.C. §636(e)(6)(B)(iii) a magistrate judge may certify to a district judge that an act constitutes civil contempt, and the district judge, after a hearing, determines the appropriate punishment". Fairfield Financial Mortg. Group v. Luca, 2008 WL 5001105, *7 n. 3 (E.D.N.Y. 2008).

"A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice . . . . Such an employee is treated as any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure". Dubai Islamic Bank v. Citibank, N.A., 2002 WL 1159699, *2 (S.D.N.Y. 2002). Because there is no indication that either Ms. Pankiewicz or Ms. Selvaraj are officers, directors or managing agents of the corporate defendants, and IIL has treated them as non-parties by subpoenaing them rather than noticing their depositions, I find that Ms. Pankiewicz and Ms. Selvaraj are non-parties. This finding necessitates the denial of IIL's motion as against Ms. Pankiewicz and Ms. Selvaraj.

"Before imposing sanctions for civil contempt, due process requires that the person receive notice and an opportunity to be heard." Mauro v. Countrywide Home Loans, Inc., 2009 WL 3463570, *1 (E.D.N.Y. 2009). However, there is no indication that Ms. Pankiewicz or Ms. Selvaraj were served with IIL's sanction motion. Additionally, in order "[t]o impose sanctions on a

nonparty [under Rule 45(e)] . . . the violation of a court order is also generally required." Continental Ins. Co. v. Atlantic Casualty Insurance Co., 2008 WL 3852046, *2 (S.D.N.Y. 2008) (citing cases). As it is not alleged that Ms. Pankiewicz or Ms. Selvaraj violated a court order by failing to comply with IIL's subpoena, I find no basis to hold them in contempt under Rule 45(e). Nevertheless, Ms. Pankiewicz and Ms. Selvaraj are admonished that any further unexcused failures to comply with comply with subpoenae lawfully issued by IIL may result in them being held in contempt.[5]

To the extent that IIL seeks an order of contempt against Mr. Parlato pursuant to Rule 45(e), there is no allegation that he failed to comply with a subpoena. Bloom Declaration [43-2], ¶38. Therefore, I also recommend that this aspect of IIL's motion be denied.

**B.    Motion for Rule 37 Sanctions**

Rule 37(d)(1)(A) authorizes a range of sanctions which may be imposed on a party for failing to attend a deposition or to comply with a request for inspection, including rendering a default judgment or striking an answer. See Rule 37(b)(2)(A)(ii) and (vi), (d)(3). "However, a sanction so drastic as striking an answer or entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable". Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990).

"The pertinent considerations in choosing a sanction under Rule 37 include '(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser

---

[5]    To ensure that Ms. Pankiewicz and Ms. Selvaraj are aware of my admonishment, IIL shall serve them with a copy of this Report and Recommendation if it is adopted by Judge Skretny.

sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance.'" Dauphin v. Chestnut Ridge Transportation Inc., 2009 WL 5103286, *2 (S.D.N.Y. 2009).

At the outset, I note that One Niagara, LLC is not a party to this case. Therefore, I recommend that IIL's motion as against that entity should be dismissed on this basis. As to the balance of IIL's Rule 37 motion, I do not find that sanctions are warranted against defendants or their counsel. Although IIL argues that defendants' discovery failures appear to be an "effort to delay and frustrate the preparation of this case", defendants' are not solely to blame for their alleged transgressions.

IIL has unduly increased defendants' discovery obligations by forcing them to defend against similar claims in different forums without permitting discovery in these cases to proceed on a coordinated basis.[6] As defendants note, IIL has not denied "the abusive scheduling of depositions of different cases, same witnesses, different locations on the same days, strung together on a daily basis done obviously in concert by the attorneys representing Plaintiff . . . in multiple cases". Roscetti Declaration [83], ¶10. Under these circumstances, I do not find that defendants' conduct was willful, or that the drastic sanctions of striking defendants' answer or entering a default judgment are warranted. Nor do I find that lesser sanctions are warranted at this time.

I recently granted defendants' motion for a protective order and implemented a protocol for IIL's discovery requests going forward, so as prevent defendants from having to

---

[6] By example, defendants' motion for a protective order sets forth the deposition schedule in this case, Altissima and Parlato v. Incredible Investments Limited, et al., (Index # 130869, Niagara County Supreme Court), which demonstrates that multiple depositions in each of the three cases were scheduled by IIL and Altissima during November 2009 on the same dates and times over a consecutive period of days. Grenga Declaration [39], ¶¶8-14.

respond to duplicitous discovery demands and deposition notices. September 29, 2010 Text Order [87]. There now being a level playing field between the parties with respect to discovery, defendants are admonished that any future unexcused failures to comply with their discovery obligations may result in sanctions.

**CONCLUSION**

For these reasons, I recommend that IIL's motion for contempt and sanctions [43] be denied, without prejudice. If Judge Skretny adopts this Report and Recommendation, IIL shall personally serve Ms. Pankiewicz and Ms. Selvaraj with a copy of this Report and Recommendation and Judge Skretny's order and file an affidavit of service within 14 days of Judge Skretny's Order.

Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by November 1, 2010 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

Dated: October 13, 2010

**SO ORDERED.**

    /s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge